O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| VERNON CASTLE BROWN, JR., | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 14-9017-CAS(AJW) |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| TIM V. VARGA, | ) | DISMISSING PETITION |
| | ) | |
| Respondent. | ) | |

Petitioner filed this petition for a writ of habeas corpus on November 14, 2014. The petition challenges petitioner's 2001 murder conviction in the Los Angeles County Superior Court. [Petition at 2]. Petitioner previously has filed numerous petitions in this Court challenging that conviction.  The first petition, which filed in Case No. CV 03-7528-FMC(AJW), was denied on the merits on June 8, 2004. Petitioner's subsequent petitions challenging that conviction were dismissed as successive.[1]

A federal court must dismiss a successive petition that raises

---

[1] Case Nos. CV 04-4250-R(AJW), CV 11-4338-CAS(AJW), CV 11-4691-CAS(AJW), CV 11-7476-CAS(AJW), CV 11-7997-CAS(AJW), CV 12-4039-CAS(AJW), CV 12-5230-CAS(AJW), CV 14-9017-CAS(AJW).

the same grounds for relief as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a successive petition raising a new ground for relief unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition,[2] this Court lacks jurisdiction

---

[2] Although petitioner checked a space on the form indicating that he has received permission to file a successive petition from the Court of Appeals [Petition at 5], he has not attached a copy of such an order and the Court of Appeals' docket does not reflect that such an order has been issued. Of course, if petitioner has received permission from the Court of Appeals, he may file a new petition and attach a copy of the order reflecting the Court of Appeals' permission.

1   to consider it.  Accordingly, the petition for a writ of habeas corpus

2   is dismissed for lack of jurisdiction.

3       **It is so ordered.**

4

5   Dated: <u>December 1, 2014</u>

6                            _____

7                            Christina A. Snyder
                             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| VERNON CASTLE BROWN, JR., | ) | Case No. CV 14-9017-CAS(AJW) |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGMENT |
| v. | ) | |
| | ) | |
| TIM V. VARGA, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————————— | ) | |

**It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.


Dated: _____


_____
Christina A. Snyder
United States District Judge